[No. 25489. Department Two. April 24, 1935.]

ESTHER G. HENDERSON, *Respondent,* v. N. LAMBROS, *Appellant.*[1]

*Geo. H. Crandell* and *Bert A. Northrop,* for appellant.

*Allen, Froude & Hilen,* for respondent.

MITCHELL, J.—Mrs. Esther H. Henderson, at all times herein mentioned, was the owner of a four-story building at the northwest corner of Occidental avenue, which runs north and south, and Washington street, which crosses the avenue at right angles. The building fronts sixty feet on Occidental avenue and fifty-three feet eleven inches on Washington street.

[1]Reported in 43 P. (2d) 966.

The upper floors of the building are operated as a hotel. At and prior to October 11, 1933, the ground floor and basement were occupied by tenants, as follows: The Solomon Brothers clothing store, with basement, being No. 121 Occidental avenue; 119½ Occidental avenue was a part of the hotel building and entrance thereto; and Sam Vorris restaurant or lunchroom, with basement, being No. 124 Washington street.

N. Lambros wanted the Solomon Brothers clothing storeroom and basement, and after considerable correspondence between him and his agents here and Mrs. Henderson in San Francisco, she, under date of October 11, 1933, gave him a duly acknowledged written lease, for a term of years, intending to let only the clothing storeroom and basement. The description in the lease stated that "the store is known as 121 Occidental avenue, including basement, said store being 60 feet wide on Occidental avenue, and being 53 feet 11 inches on Washington street;" that is, the boundary lines took in the total area of the building.

Not long after receiving the lease, Lambros claimed the right to all of the ground floor and basements in the building. This action was then brought by the lessor against the lessee to reform the lease so that it would cover only No. 121 Occidental avenue, formerly occupied by Solomon Brothers as a clothing store, according to the intention of the parties in making the lease. The defendant, in his answer, denied there was any mistake in the description. Upon the trial by the court without a jury, judgment was entered for the plaintiff, as follows:

"IT IS NOW HEREBY ORDERED, ADJUDGED AND DECREED that that certain lease from the plaintiff to the defendant dated October 11, 1933, and of record in the office of the County Auditor of King County, Washington, in Volume 69 of Leases, page 358 be and the

same is hereby reformed and corrected by striking from said lease the description of the premises therein stated as follows:

" 'Those certain premises situated in the City of Seattle, County of King, State of Washington, and more particularly described as follows: The East 53 feet 11 inches of Lot 5, Block 8, Maynard's Addition to the City of Seattle, the store is known as 121 Occidental Avenue, including basement, said store being 60 feet wide on Occidental Avenue and being 53 feet 11 inches on Washington St.'
and inserting in lieu thereof the following description of the leased premises:

" 'Those certain premises situated in the City of Seattle, County of King, State of Washington, and more particularly described as that portion of the East 53 feet 11 inches of Lot 5 Block 8 Maynard's Addition to the City of Seattle, described as—

" '(A) The store on the ground floor of the Southeast corner of said building, being known as 121 Occidental Avenue, formerly occupied by Solomon Brothers as a clothing store, but not including any of the portion occupied by Sam Vorris, known as 124 Washington Street.

" '(B) The large basement room situated in the Southeast corner of said property and underneath the premises known as 121 Occidental avenue, together with the free and unobstructed right of ingress and egress to said basement area from the Washington Street entrance together with the free and unobstructed right of ingress and egress to said basement area from the Occidental Avenue entrance at the northeast corner of said lot, but not including the other portions of said basement not a part of the main basement above described.'

"It Is Further Ordered, that the defendant be and he is hereby enjoined and restrained from in any way interfering with the premises known as 124 Washington Street occupied by Sam Vorris, or from using or attempting to use any portion of the basement area except that contained in the above reformed description. The premises known as 119½ Occidental Avenue consisting of the hotel portion of said building and

the entrance thereto is not a part of the premises leased to the defendant. Said defendant in open court having stated that he claims no interest therein.''

The defendant has appealed.

▉ The evidence in the case overwhelmingly sustains the judgment. Without variation or exception, and to several different parties, both before and after the execution of the lease, the appellant admitted that all he wanted, intended, or had gotten, was the clothing storeroom, No. 121 Occidental avenue. Among others, a day or two after he got the lease, Vorris talked with him at the corner of the two streets. Vorris testified:

''A. I say, 'You leased this place?' And he say 'Yes.' I say 'The whole building?' and he says 'No, only the clothing store and basement.' . . . He say to me 'We are neighbors now' and I said 'Fine and dandy.' ''

Others testified similarly, that is, to his saying that he wanted only the clothing storeroom. The lessor in San Francisco was ill at the time of the negotiations between the parties, and left details of the transaction largely to her daughter and their lawyer in San Francisco, neither of whom, it appears, knew anything of the dimensions of the clothing storeroom and basement or other portions of the ground floor and basement. The appellant admitted he was personally acquainted with the premises, although there is nothing to show that he knew the precise dimensions of the clothing storeroom and basement, or the other places of business on the ground floor. He furnished the description of the premises to be inserted in the lease to the scrivener who drafted it. The scrivener had no personal knowledge whatever of the correctness of the boundaries of the storeroom, except as appellant gave them.

We need not go further into the details of the evidence. It has been examined and shows clearly and convincingly that there was a mistake on the part of both parties in describing the premises.

As to the appellant, he admitted, as already stated, that a part of the ground floor was occupied for hotel purposes, and a part by the Vorris restaurant or lunchroom, which, as a matter of fact, had a street number to it on one side of the building, while the storeroom he wanted had a street number on another side of the building. The description he furnished condemns his denial of mistake. It says that

". . . the store is known as 121 Occidental avenue, including basement, said store being 60 feet wide on Occidental avenue and being 53 feet 11 inches on Washington street."

Clearly, there is a conflict in the different portions of the description. A part of a given area does not equal the whole of it, and since the precise location of the clothing storeroom was known to him and fixed upon the ground, that constitutes the commanding feature or part of the conflicting description. That was what he sought and has been given by the decree of reformation.

Affirmed.

MILLARD, C. J., STEINERT, BLAKE, and HOLCOMB, JJ., concur.